# EXHIBIT A

```
SUPREME COURT OF THE STATE OF NEW YORK          DATE FILED:
COUNTY OF WESTCHESTER
-------------------------------------X          INDEX NO.:

JOSEPH F. LHOTAN and ALLISON                    SUMMONS
LHOTAN,

                        Plaintiffs,
                                                Plaintiff designates
        -against-                               Westchester County
                                                as place of trial.


MICHAEL J. CAHILL and ELITE
LIMOUSINE SERVICE, INC.,                        The basis of venue is
                                                Plaintiff's residence.

                        Defendants.             Plaintiff's address:
                                                11 Country Hollow Dr.
-------------------------------------X          Amawalk, NY 10501
```

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiffs' attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    White Plains, New York
          November 29, 2021

                                    Yours, etc.,

                                    RANERI, LIGHT & O'DELL, PLLC

                            BY:     _____
                                    Kevin D. O'Dell, Esq.
                                    Attorneys for Plaintiff
                                    150 Grand Street, Suite 502
                                    White Plains, New York 10601
                                    (914) 948-5525

TO: Michael J. Cahill
26 Charles Avenue
Stamford, Connecticut 06907

Elite Limousine Service, Inc.
PO Box 2299
Norwalk, Connecticut 06852

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------X

JOSEPH F. LHOTAN and ALLISON
LHOTAN,                                       COMPLAINT
                    Plaintiffs,
        -against-

MICHAEL J. CAHILL and ELITE                   INDEX NO.:
LIMOUSINE SERVICE, INC.,

                    Defendants.

----------------------------------------X

Plaintiffs, Joseph F. Lhotan and Allison Lhotan, by their attorneys, RANERI, LIGHT, & O'DELL, PLLC, complaining of the defendants, Michael J. Cahill and Elite Limousine Service, Inc., respectfully show to the Court and alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. At all times hereinafter mentioned, Plaintiffs, Joseph F. Lhotan and Allison Lhotan, were residents of the County of Westchester, State of New York.

2. Upon information and belief, at all times hereinafter mentioned, the Defendant, Michael J. Cahill, was a resident of the County of Fairfield, State of Connecticut.

3. Upon information and belief, that at all times hereinafter mentioned, the Defendant, Elite Limousine Service, Inc., was and is a corporation which owned, leased, and/or financed a 2017 Chrysler operated by Defendant Cahill and employed Defendant Cahill on the date of said incident.

4. That at all times hereinafter mentioned, Elite Limousine Service, Inc., had its office and principal place of business address as P.O. Box 2299, Norwalk, CT 06852, but was licensed to do business in the State of New York.

5. Upon information and belief, that at all times hereinafter mentioned, the Plaintiffs, Joseph F. Lhotan and Allison Lhotan, were rear seat passengers in a 2017 Chrysler bearing Connecticut State license plate number Z2939Z.

6. Upon information and belief, at all times hereinafter mentioned, the Defendant, Elite Limousine Service, Inc., was the titled owner of a certain 2017 Chrysler bearing Connecticut State license plate number Z2939Z.

7. Upon information and belief, at all times hereinafter mentioned, the Defendant, Elite Limousine Service, Inc., was the registered owner of a certain 2017 Chrysler bearing Connecticut State license plate number Z2939Z.

8. Upon information and belief, at all times hereinafter mentioned, the Defendant, Elite Limousine Service, Inc., was the lessee of a certain 2017 Chrysler bearing Connecticut State license plate number Z2939Z.

9. At all times hereinafter mentioned, the stretch of I-684 Exit 6 Service Road, in the Town of Bedford, State of New York, was and still is a public through fare and was the situs of the accident herein.

10. Upon information and belief, at all times hereinafter mentioned, the Defendant, Michael J. Cahill, was operating the aforesaid 2017 Chrysler in the course of his employment and/or within the scope of his authority express or implied as driver at Elite Limousine Service, Inc.

11. On December 19, 2018, at approximately 7:26 p.m., the vehicle operated by the Defendant, Michael J. Cahill was in contact with another vehicle when Defendant, Michael J. Cahill's vehicle unexpectedly stopped short while falling asleep at the wheel and being struck from behind due to his inattention of traffic stopping ahead of his vehicle.

12. Upon information and belief, the aforesaid contact and collision was caused as a result of the culpable conduct and negligence of the Defendant, Michael J. Cahill, in the ownership, maintenance, management, operation and control of the aforesaid vehicle owned, leased and/or rented by Elite Limousine Service, Inc., and more particularly, said Defendant in operating his vehicle in a manner which was unreasonable, unlawful, and dangerous under the circumstances then and there existing; while operating a motor vehicle under the influence of cold medication; while operating a

3

motor vehicle when ill, sick with a fever; while operating a motor vehicle in a drowsy, tired, unfocused condition; in failing to have and keep said vehicle under proper control; in failing to look at, see and observe the roadway and traffic conditions at the place where the accident occurred; in failing to properly slow his vehicle; in braking too rapidly; in taking his eyes off of the roadway and vehicles ahead; in failing to keep a proper lookout and in failing to see what was to be seen; in failing to observe stopped traffic ahead of him; in failing to exercise due care to avoid a collision; in taking his eyes off of the road; in failing to slow down or stop appropriately; and in operating his respective motor vehicle in an imprudent and unreasonable speed given the road, weather and traffic conditions then and there existing; in operating said vehicle when it was improperly and/or defectively equipped with insufficient and improper tires, braking, steering, signaling and safety devices; in failing to make prompt and timely use of the aforesaid devices; in failing to use any care, caution or precaution to prevent the happening of said accident; in failing to do anything to avoid the happening of said accident when the defendant knew, or in the exercise of reasonable care, should have known that a collision was imminent; in operating said vehicle in such a careless and negligent manner so as to cause the happening of said

4

accident; in operating said vehicle in violation of the rules of the road and in violation of §§375, 388, 1101, 1120, 1128, 1163, 1164, 1165, 1166, 1180, 1200, 1202 and 1212 of the Vehicle and Traffic Law of the State of New York, and in operating said automobiles in an otherwise careless, dangerous and reckless manner.

13. As a result of the aforesaid accident, the Plaintiffs, Joseph F. Lhotan and Allison Lhotan, sustained temporary and permanent serious injuries in consequence of which required a surgical procedure, but was postponed due to Covid-19 and the Delta variant of Covid-19, various pain management treatments and other medical treatment and has suffered and will continue in the future to suffer excruciating pain and suffering, distress and disability; has been and will in the future continue to incur expenses for medical care and treatment and has been and in the future will be unable to perform her usual daily activities and duties of her employment; has been forced to lose income and the ability to earn income due to her injuries and physical limitations therefrom and suffering financial losses in wages, benefits, and has sustained and will continue in the future to sustain diminished earning capacity and ability and has suffered a loss of ability to perform her usual and customary activities and has suffered a loss of enjoyment of life.

5

14. At all times hereinafter mentioned, as a result of the aforesaid contact, Plaintiffs, Joseph F. Lhotan and Allison Lhotan, sustained serious injuries as defined in Subdivision (d) of §5102 of the Insurance Law-Recodification.

15. At all times hereinafter mentioned, as a result of the aforesaid contact, Plaintiffs, Joseph F. Lhotan and Allison Lhotan, sustained serious injuries and economic loss greater than basic economic loss so as to satisfy the exceptions of §5104 of the Insurance Law.

16. At all times hereinafter mentioned, this action falls within one or more exceptions set forth in §1602 of the New York CPLR.

17. This action falls within one or more of the exceptions to Article 16 of the CPLR.

18. By reason of the foregoing, the plaintiff, Joseph Lhotan and Allison Lhotan, have been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

AS AND FOR A SECOND CAUSE OF ACTION

19. The plaintiffs repeat, reiterate and reallege each and every allegations as set forth in paragraphs of the complaint marked "1" through "18" of the

6

complaint with the same force and effect as more fully set forth at length herein.

20. At all times hereinafter mentioned, the Plaintiffs, Joseph F. Lhotan and Allison Lhotan, have had to expend certain sums of money for healthcare and medical costs which may result in a health insurance lien.

21. As a result of the aforementioned carelessness, negligence and culpable conduct of the Defendants, the Plaintiffs, Joseph F. Lhotan and Allison Lhotan, have sustained damages for the economic and financial expenses associated with their medical care and other damages as a consequence thereof.

22. By reason of the foregoing, the Plaintiffs, Joseph F. Lhotan and Allison Lhotan, have been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>

23. The Plaintiffs repeat, reiterate and reallege each and every allegations as set forth in paragraphs of the complaint marked "1" through "22" of the complaint with the same force and effect as more fully set forth at length herein.

7

24. The Plaintiffs Joseph F. Lhotan and Allison Lhotan were married, and the Plaintiff, Allison Lhotan, was caused to suffer personal injuries which affected her usual and customary daily activities and prevented her from performing these activities.

25. Plaintiff, Joseph F. Lhotan, as a result of the foregoing, was caused to sustain the loss of services, society and companionship of his spouse, Allison Lhotan.

26. By reason of the foregoing, the Plaintiff, Joseph F. Lhotan, has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>

27. The Plaintiffs repeat, reiterate and reallege each and every allegations as set forth in paragraphs of the complaint marked "1" through "26" of the complaint with the same force and effect as more fully set forth at length herein.

28. The Plaintiff, Joseph F. Lhotan, was caused to suffer personal injuries which affected his usual and customary daily activities and prevented him from performing these activities.

29. By reason of the foregoing, the Plaintiff, Allison Lhotan, was caused to sustain the loss of services, society and companionship of her spouse, Joseph F. Lhotan.

30. By reason of the foregoing, the Plaintiff, Allison Lhotan, has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiffs, Joseph F. Lhotan and Allison Lhotan, demand judgment against the Defendants, Michael Cahill and Elite Limousine Service Inc., on each cause of action in an amount exceeding the monetary jurisdiction of all lower Courts which would otherwise have jurisdiction of the subject matter of this action together with the costs and disbursements of this action.

Dated:   White Plains, New York
         November 29, 2021

                                    RANERI, LIGHT, & O'DELL, PLLC

                                BY: _____
                                    Kevin D. O'Dell, Esq.
                                    Attorneys for Plaintiff
                                    150 Grand Street, Suite 502
                                    White Plains, New York 10601
                                    (914) 948-5525

9

TO: Michael J. Cahill
    26 Charles Avenue
    Stamford, Connecticut 06907

    Elite Limousine Service, Inc.
    PO Box 2299
    Norwalk, Connecticut 06852