UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Joseph F. Lhotan,

                              Plaintiff,

          -against-

Michael J. Cahill, Elite Limousine Service, Inc.,

                              Defendants.

-----------------------------------------------------------------X

7:22-CV-7681 (VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      By joint letter motion, the parties inform the Court of two pending discovery disputes. (ECF No. 49). First, Plaintiff noticed the deposition of former Third-Party Defendant Dana LaPorta, but Ms. LaPorta failed to appear, as did her counsel. (*Id.* at 1). Second, Plaintiff has requested a deposition of Elite Limousine Service Manager Danny Marra. (*Id.* at 2). Plaintiff argues that during the deposition of Michael J. Cahill, Mr. Marra "was brought up several times" because he "spoke with Mr. Cahill following the accident and had a meeting with Mr. Cahill at the Elite office following the accident." (*Id.*). In response, Defendants argue that Ms. LaPorta is no longer a party to the action, as Defendants have discontinued the third-party action against her. Thus, Plaintiff would need to compel her appearance through a subpoena. (*Id.*). Defendants also object to producing Mr. Marra for a deposition until Defendants' motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure is resolved, because "[w]ithout allegations as to negligent supervision, training, retention, and the like, there is no basis or need for a deposition of Mr. Marra." (*Id.*).

As for Plaintiff's request to order Ms. LaPorta to appear for a deposition, Rule 45, rather than Rule 30, of the Federal Rules of Civil Procedure applies. *See Booth Oil Site Admin. Grp. v Yelkin*, No. 98-cv-696A, 2011 U.S. Dist. LEXIS 18817, at *4 (W.D.N.Y. Feb. 25, 2011) ("It would appear that Rule 45, not Rule 30, governs a motion to compel the attendance of a nonparty deponent . . . ."). Thus, if Plaintiff seeks to depose Ms. LaPorta, then Plaintiff must first serve a valid subpoena under Rule 45. *Id.* If Ms. La Porta then fails to respond or appear, Plaintiff can seek Court intervention.

Plaintiff's request to order Mr. Marra to appear for a deposition is **GRANTED**. Plaintiff has offered a valid reason supporting the need for the deposition. Plaintiff explains that Mr. Marra has knowledge about the accident in question and met with Mr. Cahill at the Elite office after the accident. (ECF No. 49 at 2). Thus, it appears to the Court that Mr. Marra's deposition is relevant to Plaintiff's negligence claim against Mr. Cahill, not just to Plaintiff's negligent supervision, training, and retention claim against Elite. Mr. Marra is thus directed to appear for a deposition, at a date and time to be mutually agreed on by the parties. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense . . . .") (emphasis added); *Kim v. Lee*, No. 22-61, 2023 WL 2317248, at *4 (2d Cir. Mar. 2, 2023) (Summary Order) ("Examinations at a deposition proceed as they would at trial and can cover any nonprivileged matter that is relevant to any party's claim or defense.") (internal quotation marks omitted).

Discovery in this action was set to expire on March 15, 2024. In light of this Order, the Court will extend discovery for the limited purpose of completing the depositions of Mr. Marra and Ms. LaPorta, and to serve post-deposition discovery demands related to those depositions no later than one week after each deposition takes place. No other discovery will be allowed, and

no further discovery extensions will be granted.  To accommodate this limited extension of discovery, the parties are directed to write to Judge Román to request an adjournment of the Case Management Conference currently scheduled for April 12, 2024.  (*See* ECF No. 15 at 2).

Plaintiff is also directed to submit a letter to the Court, by no later than **April 30, 2024**, providing the Court with an update on the status of the depositions of Mr. Marra and Ms. LaPorta.  Plaintiff's letter should detail whether the depositions have been scheduled and on what date, whether he served a subpoena on Ms. LaPorta, and whether any issues with scheduling these two depositions have arisen.

**Finally, the Court has issued this written Order, rather than address the parties' dispute on the record as planned, because the Court was forced to adjourn yesterday's telephonic Status Conference due to counsels' behavior.  During the conference, both counsel engaged in uncivil and belligerent discourse, and they continued to do so despite the Court's repeated warnings that it would adjourn the conference.  Counsels' conduct was unacceptable and falls well below the professional standards expected of those admitted to practice in this Court.  *See* S.D.N.Y. Local Civil Rule 1.3(a)(6)(F) (requiring counsel to be familiar with the New York State Rules of Professional Conduct).  Under Rule 3.3(f)(2) of the New York State Rules of Professional Conduct, "[i]n appearing as a lawyer before a tribunal, a lawyer shall not . . . engage in undignified or discourteous conduct."  <u>Counsel are warned that engaging in similar future conduct—whether during a court proceeding or in writing—will result in sanctions</u>.**

The Clerk of Court is respectfully directed to terminate the pending letter motion at ECF No. 49.

**SO ORDERED.**

DATED:   White Plains, New York
         March 28, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge